UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YIN GUI CHEN,                                              :
                                                          :       13 Civ. 5175 (RMB) (KNF)
                               Plaintiff                  :
                    -against-                             :       **DECISION & ORDER**
                                                          :
C&R ROCK INC., (d/b/a Peking Tokyo of                     :
Lebanon), JOHNNY ZENG, MARK ZENG, and                     :
JIN HUANG                                                 :
                                                          :
                               Defendants.                :
-------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: **3/10/14**

        Having reviewed the record herein, including without limitation, **(i)** the complaint of Yin

Gui Chen ("Plaintiff" or "Chen"), filed July 24, 2013 against his former employer, C&R Rock

Inc., a New Hampshire corporation (d/b/a Peking Tokyo of Lebanon) ("Peking Tokyo"), and its

principals, Johnny Zeng, Mark Zeng, and Jin Huang, residents of New Hampshire (collectively,

"Defendants").  Plaintiff alleges claims for minimum wage and overtime under federal and state

laws which Plaintiff allegedly earned while working for Defendants as a chef in New Hampshire

during the period September 1, 2009 to May 2, 2013 (Compl., dated July 24, 2013, ¶¶ 7–8); **(ii)**

Defendants' motion to dismiss the complaint, dated January 22, 2014, and accompanying

Affidavit of Jin Huang, dated January 21, 2014 ("Huang Aff."), and Affirmation of Vincent S.

Wong, dated January 21, 2014, arguing that Plaintiff cannot establish personal jurisdiction over

the Defendants in New York and that venue in the Southern District of New York is improper.

In the alternative, Defendants request that this action be transferred to the District of New

Hampshire because "transfer would serve the convenience of the parties and witnesses and the

interests of justice" (Defs.' Mem. of Law in Supp. of Mot. to Dismiss, dated Jan. 22, 2014

("Defs. Memorandum"), at 9, 20 (internal quotation marks omitted)); **(iii)** Plaintiff's opposition,

dated February 3, 2014, and accompanying Affidavit of Yin Gui Chen, dated February 2, 2014

("Chen Aff."), describing certain contacts by Defendants with the State of New York (Pl.'s

Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, dated Feb. 3, 2014 ("Pl. Memorandum"), at 3,

8); Defendants' reply, dated February 12, 2014 (Defs.' Reply in Supp. of Mot. to Dismiss, dated

Feb. 12, 2014 ("Defs. Reply")); and applicable authorities, **the Court hereby transfers the**

**action to the United States District Court for the District of New Hampshire:**[1]

**Transfer**

(1)      The action clearly should be litigated in the District of New Hampshire for several

reasons, including: **(a)** the District of New Hampshire would have had subject matter

jurisdiction over this wage action under 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 et seq.; **(b)** the

District of New Hampshire would also have personal jurisdiction over Peking Tokyo, whose

principal place of business is in Lebanon, New Hampshire, and over the individual Defendants

who are all "domiciled" in New Hampshire, see, e.g., Goodyear Dunlop Tires Operations, S.A.

v. Brown, 131 S. Ct. 2846, 2853–54 (2011); Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006);

(Defs. Memorandum at 8–9, 20; Huang Aff. ¶ 2); **(c)** venue is proper in New Hampshire where

Peking Tokyo is located, where all Defendants are residents, and where a substantial part of the

events giving rise to Plaintiff's claim occurred, including Plaintiff's work as a chef at Peking

Tokyo, 28 U.S.C. § 1391(b); see also Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir.

2005); **(d)** litigation in New Hampshire serves "the interest of justice" as described at 28 U.S.C.

§ 1406(a)[2]; see also Corke v. Sameiet M. S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978);

---

[1]      Any issues raised by the parties not specifically addressed herein were considered by the
Court on the merits and rejected.

[2]      Section 1406 permits "[t]he district court of a district in which is filed a case laying venue
in the wrong division or district . . . if it be in the interest of justice, [to] transfer such case to any
district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Transfer may

(e) it appears that witnesses who can testify to Plaintiff's claims of unpaid minimum wages include Peking Tokyo's employees, managers, and owners, all of whom are in New Hampshire, (Defs. Memorandum at 21; see also Huang Aff. ¶ 14); "all of the Defendants' documents, records, and electronic storage material are located in the District of New Hampshire", (Defs. Memorandum at 23; see also Huang Aff. ¶¶ 2–7); "litigating in New York is . . . inconvenient for the Defendants", (Defs. Memorandum at 21); and Plaintiff's allegations concern employment events which occurred in New Hampshire, (id. at 22; see also Compl. ¶¶ 5–6); 28 U.S.C. § 1404(a); ZPC 2000, Inc. v. SCA Grp., Inc., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000) ("[T]he location of operative events is a 'primary factor' in determining a motion to transfer venue." (citation omitted)); (Chen Aff. ¶¶ 1–2).

(2)    Plaintiff's choice of the Southern District of New York to litigate is improper; and "deference" to Plaintiff's forum selection is overcome by the overwhelming factors described above which support transfer to the District of New Hampshire. See Harris v. Brody, 476 F. Supp. 2d 405, 406 (S.D.N.Y. 2007) ("[W]hen the operative facts have few meaningful connections to the plaintiff's chosen forum . . . , the importance of the plaintiff's choice of forum measurably diminishes."); AEC One Stop Grp., Inc. v. CD Listening Bar, Inc., 326 F. Supp. 2d 525, 529 (S.D.N.Y. 2004).

**Personal Jurisdiction**

(3)    Transfer to New Hampshire is also appropriate because the Court appears to lack personal jurisdiction over the Defendants. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 407, 417 (1984).  The only business alleged to have been transacted by the

---

also occur under Section 1404 which permits transfer "[f]or the convenience of parties and witnesses" in cases where venue is proper in the district in which the case was filed. Id. § 1404(a).

Defendants in New York related to purchases of goods "by officers of a foreign corporation." Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 518 (1923). This would not normally warrant the inference that the corporation was present within the jurisdiction of New York under Section 301 of the New York Civil Practice Law and Rules. Id.; see also N.Y. C.P.L.R. § 301; IP Co. LLC v. Gen. Commc'n, Inc., No. 07 Civ. 2372, 2007 WL 3254387, at *4 (S.D.N.Y. Oct. 31, 2007). It appears undisputed that the Defendants were not physically present within New York. (Defs. Memorandum at 15); see also N.Y. C.P.L.R. § 302(a)(2); Bensusan Rest. Corp. v. King, 126 F.3d 25, 28–29 (2d Cir. 1997). And, the injury, for purposes of Section 302(a)(3) jurisdiction, occurs at "the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff", and does not occur within the state of New York simply because the plaintiff is a resident. Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (citation omitted); see also N.Y. C.P.L.R. § 302(a)(3).

**Conclusion & Order**

Defendants' motion to transfer the case [#13] is granted. The Clerk of Court is respectfully requested to transfer this case to the United States District Court for the District of New Hampshire.

Dated: New York, New York
March 10, 2014

_RmB_

RICHARD M. BERMAN, U.S.D.J.